UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOY ROBERTSON,<br>　*Plaintiff*, | : | CIVIL CASE NUMBER: |
| v. | : | 3:14-CV-01861 (VLB) |
| WELLS FARGO BANK, NA,<br>　*Defendant*. | : | February 29, 2016 |

## MEMORANDUM OF DECISION

Joy Robertson, though counsel, moves to amend her complaint asserting claims for race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), for race and gender discrimination in violation of the Connecticut Fair Employment Practices Act, Conn. Gen.Stat. § 46a-60 *et seq.* ("CFEPA"), and for retaliation in violation of CFEPA.  ECF No. 39.  Instead of separating her claims for race and gender discrimination, the amended complaint seeks to assert claims that combine race and gender discrimination.  *Id.*  The combination would create two discrimination claims brought under the legal theory known as "intersectional discrimination." *See Harrington v. Cleburne Cnty. Bd. of Educ.,* 251 F.3d 935, 937 (11th Cir. 2001) (defining "intersectional discrimination" as a situation where "the defendant treated [the plaintiff] disparately because she belongs simultaneously to two or more protected classes"); Jill E. Adams, Jessica Arons, *A Travesty of Justice: Revisiting* Harris v. Mcrae, 21 Wm. & Mary J. Women & L. 5, 51 (2014) ("Intersectionality theory, as conceived by Professor Kimberle Crenshaw, suggests that judicial analysis of discrimination ought to adapt to identify and

invalidate forms of discrimination that are experienced in a simultaneous and integrative manner." (citation omitted)); Kimberle Crenshaw, *Mapping the Margins: Intersectionality, Identity Politics, and Violence Against Women of Color*, 43 STAN. L. REV. 1241, 1244 (1991) ("[M]any of the experiences Black women face are not subsumed within the traditional boundaries of race or gender discrimination as these boundaries are currently understood, and . . . the intersection of racism and sexism factors into Black women's lives in ways that cannot be captured wholly by looking at the race or gender dimensions of those experiences separately."). The Second Circuit permits discrimination claims to be brought under this legal theory. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 109 (2d Cir. 2010)

    Robertson does not seek to allege new facts and instead seeks amendment to clarify that she seeks relief pursuant to this rarified legal theory. Pleading legal theories is generally superfluous. Fed. R. Civ. P. 8 (a)(2)–(3), (d)(1), (e); *see Johnson v. City of Shelby*, 135 S.Ct. 346, 346 (2014) ("Federal pleading rules call for a short and plain statement of the claim showing that the pleader is entitled to relief; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." (internal quotation marks and citations omitted)). In this instance, however, substantial justice would be served by permitting amendment because it streamlines discovery by providing Defendant with notice of the salient legal theory. *See Johnson*, 135 S.Ct. at 347 ("For clarification and to ward off further insistence on a punctiliously stated

invalidate forms of discrimination that are experienced in a simultaneous and integrative manner." (citation omitted)); Kimberle Crenshaw, *Mapping the Margins: Intersectionality, Identity Politics, and Violence Against Women of Color*, 43 STAN. L. REV. 1241, 1244 (1991) ("[M]any of the experiences Black women face are not subsumed within the traditional boundaries of race or gender discrimination as these boundaries are currently understood, and . . . the intersection of racism and sexism factors into Black women's lives in ways that cannot be captured wholly by looking at the race or gender dimensions of those experiences separately."). The Second Circuit permits discrimination claims to be brought under this legal theory. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 109 (2d Cir. 2010)

    Robertson does not seek to allege new facts and instead seeks amendment to clarify that she seeks relief pursuant to this rarified legal theory. Pleading legal theories is generally superfluous. Fed. R. Civ. P. 8 (a)(2)–(3), (d)(1), (e); *see Johnson v. City of Shelby*, 135 S.Ct. 346, 346 (2014) ("Federal pleading rules call for a short and plain statement of the claim showing that the pleader is entitled to relief; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." (internal quotation marks and citations omitted)).  In this instance, however, substantial justice would be served by permitting amendment because it streamlines discovery by providing Defendant with notice of the salient legal theory. *See Johnson*, 135 S.Ct. at 347 ("For clarification and to ward off further insistence on a punctiliously stated

'theory of the pleadings,' petitioners, on remand, should be accorded an opportunity to add to their complaint a citation to § 1983."). The Court therefore GRANTS Robertson's motion to amend.

IT IS SO ORDERED.

                                              /s/
                                        Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut: February 29, 2016